UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LISA M. MCGLOTHLIN,<br>Personal Representative for the Estate of<br>David N. Worcester, of Lamoine,<br>County of Hancock, State of Maine,<br><br>   Plaintiff,<br><br>v.<br><br><br>ZACHARY CHANDLER, in his individual<br>capacity and as an employee acting under<br>color of law of the Ellsworth Police<br>Department,<br><br>CHAD WILMOT, in his individual capacity<br>and as an employee of the Ellsworth Police<br>Department,<br><br>JOHN STANLEY, in his individual<br>capacity and as an employee of the<br>Hancock County Sheriff's Office,<br><br>CITY OF ELLSWORTH, a municipality<br>duly organized under the laws of the State<br>of Maine,<br><br>and<br><br>HANCOCK COUNTY, a political<br>subdivision duly organized under the laws<br>of the State of Maine,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Lisa M. McGlothlin, by and through undersigned counsel, and

hereby complains against Defendants, Zachary Chandler in his individual and official capacity,

Chad Wilmot in his individual and official capacity, John Stanley in his individual and official capacity, City of Ellsworth, and Hancock County (collectively referred to as "Defendants"), as follows:

## INTRODUCTION

1. This civil action arises under 42 U.S.C. §§ 1983; applicable provisions of the United States Constitution; and Maine law. It centers around the killing of David N. Worcester ("David") on April 11, 2024. David was driving his vehicle on Route 1 in Steuben, Maine, on April 11th when an intoxicated driver, Nicholas Libby ("Libby"), crossed the centerline of the road and struck David's vehicle head-on, resulting in a fatal collision that took David's life. Before David was killed, law enforcement officers with the Ellsworth Police Department ("Ellsworth PD") and Hancock County Sheriff's Office ("HCSO"), performed a traffic stop of Libby because of various calls about Libby's erratic driving. Despite this, and despite the facts that Libby showed signs of drug impairment, possessed drugs in his vehicle, was on probation with drug-related search and test conditions, had a history of drug use, he was affirmatively sent back out on the roadway by law enforcement officers, with merely a warning for erratic operation.

## PARTIES

2. Plaintiff Lisa M. McGlothlin ('McGlothlin" or "Plaintiff") is the Personal Representative for the Estate of David N. Worcester.

3. David N. Worcester is the decedent in this matter; he was born on March 31, 1973, and was a residence of 97 Walker Road, Lamoine, Maine, at all times relevant to the present civil action.

4.  Defendant Zachary Chandler ("Officer Chandler") was a law enforcement officer with the Ellsworth PD, City of Ellsworth, State of Maine, at all times relevant to the present civil action.

5.  Defendant Chad Wilmot ("Sgt. Wilmot") was a law enforcement officer with the Ellsworth PD, City of Ellsworth, State of Maine, at all times relevant to the present civil action.

6.  Defendant John Stanley ("Deputy Stanley") was a law enforcement officer with the HCSO, Hancock County, State of Maine, at all times relevant to the present civil action.

7.  Defendant City of Ellsworth is a municipality organized under the laws of the State of Maine, which operates the Ellsworth Police Department.

8.  Defendant Hancock County is a political subdivision of the State of Maine, which operates the Hancock County Sheriff's Office.

9.  Plaintiff's suit is filed against all of the individual Defendants in their individual, as well as their official capacities, and all government entities have been duly served with a Notice of Claim pursuant to the Maine Tort Claims Act.

## JURISDICTION

10. This action seeks to vindicate rights guaranteed by the Fourteenth Amendment of the United States Constitution, and it is brought pursuant to 42 U.S.C. § 1983.  Furthermore, it is brought under several statutory provisions of Maine law.

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law.  Jurisdiction is also authorized pursuant to 28 U.S.C. § 1343.

12. This Court may exercise supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367.

13. Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred within this judicial district and because Defendants are subject to personal jurisdiction in this District.

## STATEMENT OF FACTS

14. At all relevant times in connection with this civil action, Libby was a resident of Addison, County of Washington, State of Maine.

15. On information and belief, Libby had a known history of serious drug addiction, and, in September 2023, he overdosed, and the presence of fentanyl, heroin, and cocaine was found in his system.

16. At all relevant times in connection with this civil action, Libby was subject to probation conditions and had a probation officer.

17. On information and belief, Libby's probation conditions prevented him from using or possessing drugs, and subject him to search and testing for the same.

18. At the time of the fatal collision on April 11, 2024, Libby possessed drugs in his vehicle, including Clonazepam (a prescribed benzodiazepine).  On information and belief, the prescription bottle indicated that this prescription was filled two days before the fatal collision, on April 9, 2024, and was prescribed to be taken one tablet at a time, three times daily.  At the crash scene, only sixty-three Clonazepam tablets remained, reflecting a significant overuse of his prescribed medication.

19. At approximately 11:16 am on April 11, 2024, a citizen complaint was made to 911 about a maroon Nissan Rogue bearing registration plate number 421BLF operating dangerously and erratically on Route 1 in the Town of Hancock.

4

20. The initial citizen report provided information to law enforcement that this vehicle was not only "all over the road," but had nearly struck oncoming traffic and was repeatedly crossing the center line.

21. On information and belief, the report made by this initial citizen complaint was consistent with a driver operating a motor vehicle while under the influence of intoxicants.

22. Both HCSO and Ellsworth PD responded to this complaint.

23. April 11, 2024, Ellsworth PD Officer Chandler observed a vehicle matching the description of the vehicle complained about; he turned around and began to follow the vehicle towards the Town of Ellsworth, and he initiated a traffic stop.

24. Officer Chandler identified Libby as the operator of the motor vehicle.

25. Officer Chandler observed and recognized that Libby's pupils appeared to be constricted, consistent with a sign of central nervous system depressant use.

26. Officer Chandler learned that Libby was on probation with drug-related conditions.

27. Defendant Sgt. Wilmot arrived on scene, and Defendant Deputy Stanley arrived on scene.

28. Deputy Stanley ordered Libby out of the vehicle and conducted a search of Libby's person.

29. Libby's probation officer was contacted, and the law enforcement officers performed a search of Libby's vehicle, resulting in the locating of a bag in the front passenger seat, which contained multiple prescription pill bottles belonging to Libby, including the above-referenced Clonazepam.

30. The law enforcement officers also found cannabis in Libby's vehicle during their search.

31. Libby was released with a warning for erratic operation, despite the existence of reasonable articulable suspicion to perform standardized field sobriety tests, based on: (a) a specific citizen complaint of dangerous, erratic driving immediately preceding the stop; (b) Libby's

5

visually observed constricted pupils; (c) the presence of Clonazepam, cannabis, and other impairing prescription medications in the vehicle; (d) Libby's active probation condition prohibiting drug use; (e) Libby's documented prior drug use history; (f) Libby's false denial of medication use; (g) Libby's admission (implicit in his conversation with Sgt. Wilmot) that he had traveled to Ellsworth to purchase marijuana; and (h) the Clonazepam pill deficit indicating excessive consumption of his medication.

32. Defendants directed Libby back into his vehicle, cleared the scene, and affirmatively released Libby from the traffic stop, telling him that he needed to be careful, to pay more attention, and to drive safely.

33. After his release from the initial traffic stop, Libby continued to drive northbound on Route 1.

34. After the release from the stop, another citizen called 911 to report Libby's erratic operation.

35. Shortly thereafter, another citizen called 911 to report Libby's erratic operation.

36. Following these reports, Libby crossed the centerline into the southbound lane where David was driving, causing a catastrophic head-on collision that killed David.

37. At the time of the crash, Libby was impaired and tested positive for THC, Benzodiazepine, Fentanyl, and Buprenorphine.

**COUNT I**
**Violation of 42 U.S.C. § 1983—(State Created Danger)**
*McGlothlin v. Zachary Chandler*

38. Plaintiff reasserts the allegations in Paragraphs 1-37 as if fully set forth herein.

39. At all relevant times, Defendant Officer Chandler was acting under color of state law in his official capacity as a law enforcement officer with the Ellsworth PD.

6

40. The Fourteenth Amendment of the United States Constitution prohibits state actors from depriving any person of life or liberty without due process of the law, and this protection encompasses the substantive due process right to be free from state-created dangers.

41. Defendant Officer Chandler unreasonably and/or intentionally committed acts and/or omissions while acting under color of state that violated Plaintiffs' clearly established rights.

42. Defendant Officer Chandler's affirmative act of initiating, conducting, and/or investigating a traffic stop of Libby and thereafter affirmatively releasing him, which explicitly authorized his return to a public roadway, despite evidence of Libby's impairment, and thus creating and/or substantially enhancing the specific danger posed by Libby to David Worcester and other motorists on the public roadway.

43. A reasonable person would have known that the acts and/or omissions committed by Defendant Officer Chandler violated Plaintiff's rights.

44. As a direct and proximate result of Defendant Officer Chandler's violation of Plaintiff's rights, Plaintiff suffered damages.

45. Defendant Officer Chandler demonstrated a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

46. Defendant Officer Chandler's deliberate indifference to Plaintiff's safety is sufficient to render him liable for a violation of Plaintiff's substantive due process rights, and his failure to prevent Libby from driving was a constitutional violation that rises to the level of shocking the conscience.

### COUNT II
**Violation of 42 U.S.C. § 1983—(State Created Danger)**
*McGlothlin v. Chad Wilmot*

47. Plaintiff reasserts the allegations in Paragraphs 1-46 as if fully set forth herein.

48. At all relevant times, Defendant Sgt. Wilmot was acting under color of state law in his official capacity as a law enforcement officer with the Ellsworth PD.

49. The Fourteenth Amendment of the United States Constitution prohibits state actors from depriving any person of life or liberty without due process of the law, and this protection encompasses the substantive due process right to be free from state-created dangers.

50. Defendant Sgt. Wilmot unreasonably and/or intentionally committed acts and/or omissions while acting under color of state that violated Plaintiffs' clearly established rights.

51. Defendant Sgt. Wilmot's affirmative act of initiating, conducting, and/or participating in a traffic stop/investigation of Libby and thereafter affirmatively releasing him, which explicitly authorized his return to a public roadway, despite evidence of Libby's impairment, and thus creating and/or substantially enhancing the specific danger posed by Libby to David Worcester and other motorists on the public roadway.

52. A reasonable person would have known that the acts and/or omissions committed by Defendant Sgt. Wilmot violated Plaintiff's rights.

53. As a direct and proximate result of Defendant Sgt. Wilmot's violation of Plaintiff's rights caused Plaintiff to suffer damages.

54. Defendant Sgt. Wilmot demonstrated a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

55. Defendant Sgt. Wilmot's deliberate indifference to Plaintiff's safety is sufficient to render him liable for a violation of Plaintiff's substantive due process rights, and his failure to

prevent Libby from driving was a constitutional violation that rises to the level of shocking the conscience.

**COUNT III**
**Violation of 42 U.S.C. § 1983—(State Created Danger)**
***McGlothlin v. John Stanley***

56. Plaintiff reasserts the allegations in Paragraphs 1-55 as if fully set forth herein.

57. At all relevant times, Defendant Deputy Stanley was acting under color of state law in his official capacity as a law enforcement officer with the HCSO.

58. The Fourteenth Amendment of the United States Constitution prohibits state actors from depriving any person of life or liberty without due process of the law, and this protection encompasses the substantive due process right to be free from state-created dangers.

59. Defendant Deputy Stanley unreasonably and/or intentionally committed acts and/or omissions while acting under color of state that violated Plaintiffs' clearly established rights.

60. Defendant Deputy Stanley affirmative act of initiating, conducting, and/or participating in a traffic stop/investigation of Libby and thereafter affirmatively release him, which explicitly authorized his return to a public roadway, despite evidence of Libby's impairment, and thus creating and/or substantially enhancing the specific danger posed by Libby to David Worcester and other motorists on the public roadway.

61. A reasonable person would have known that the acts and/or omissions committed by Defendant Deputy Stanley violated Plaintiff's rights.

62. As a direct and proximate result of Defendant Deputy Stanley's violation of Plaintiff's rights, Plaintiff suffered damages.

63. Defendant Deputy Stanley demonstrated a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

64. Defendant Deputy Stanley's deliberate indifference to Plaintiff's safety is sufficient to render him liable for a violation of Plaintiff's substantive due process rights, and his failure to prevent Libby from driving was a constitutional violation that rises to the level of shocking the conscience.

## COUNT IV
### Wrongful Death, 18-C M.R.S. § 2-804

65. Plaintiff reasserts the allegations in Paragraphs 1-64 as if fully set forth herein.

66. Plaintiff is the personal representative of David Worcester.

67. Defendants' aforementioned actions and/or omissions caused the death of David Worcester.

## COUNT V
### Wrongful Death—Conscious Pain and Suffering, 18-C M.R.S. § 2-807(3)

68. Plaintiff reasserts the allegations in Paragraphs 1-67 as if fully set forth herein.

69. Plaintiff is the personal representative of David Worcester.

70. Defendants' aforementioned actions and/or omissions caused the death of David Worcester.

71. David Worcester's death ensued following a period of conscious period of pain and suffering as a result of the personal injuries due to the Defendants' aforementioned wrongful actions and/or omissions.

## COUNT VI
### Maine Civil Rights Act, 5 M.R.S. § 4682

72. Plaintiff reasserts the allegations in Paragraphs 1-71 as if fully set forth herein.

10

73. Defendants' actions and/or omissions interfered with or attempted to interfere with the Plaintiff's exercise or enjoyment of rights secured by the United States Constitution, the Maine Constitution, and/or federal and/or state law. Plaintiff's rights were clearly established by the Maine Constitution and Maine statutes.

74. Defendants' actions and/or omissions would cause a reasonable person to suffer emotional distress, and Plaintiff did in fact suffer emotional distress and other damages as a result of Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully prays that this Honorable Court:

Enter judgment in Plaintiff's favor, awarding compensatory and punitive damages, plus pre-judgment and post-judgment interest and costs.  Plaintiff further requests this Court to order Defendants to pay Plaintiff's reasonable attorney fees.

## JURY REQUEST

Plaintiff demands a jury trial on all claims in its complaint so triable as of right.

Dated: April 10, 2026

*/s/ Walter F. McKee*
WALTER F. MCKEE, ESQ.
Bar Number: 7848
Attorney for Plaintiff
McKee Morgan, LLC, P.A.
133 State Street
Augusta, Maine 04330
(207) 620-8294
*wmckee@mckeemorgan.com*

*/s/ Kurt C. Peterson*
KURT C. PETERSON, ESQ.
Bar Number: 6235
Attorney for Plaintiff
McKee Morgan, LLC, P.A.
133 State Street

11

Augusta, Maine 04330
(207) 620-8294
*kpeterson@mckeemorgan.com*

12